UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FALL LINE PATENTS, LLC,<br><br>    Plaintiff,<br><br>    *v.*<br><br>MCDONALD'S CORPORATION and MCDONALD'S USA, LLC,<br><br>    Defendants. | Case No. 6:18-cv-412-RWS<br><br>JURY TRIAL DEMANDED |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants McDonald's Corporation and McDonald's USA, LLC (collectively, "McDonald's") file this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Fall Line Patents, LLC's ("Fall Line") Complaint (Dkt. 1). McDonald's denies the allegations in the Complaint unless expressly admitted in the following paragraphs.

## THE PARTIES

1. McDonald's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. McDonald's admits that the Complaint purports to set forth an action for patent infringement. McDonald's further admits that this Court has subject matter jurisdiction over this action.

5. McDonald's admits that venue is proper, though not necessarily convenient, in this judicial district. McDonald's otherwise denies the remaining allegations in Paragraph 5 of the Complaint, including the allegation that McDonald's has committed acts of patent infringement.

6. McDonald's admits that both franchisee and company-owned restaurants operate in this District. McDonald's otherwise denies the remaining allegations in Paragraph 6 of the Complaint.

7. McDonald's does not contest that this Court has personal jurisdiction over it for purposes of this action. McDonald's otherwise denies the remaining allegations in Paragraph 7 of the Complaint, including the allegation that McDonald's has committed, or is committing, acts of patent infringement.

## THE TECHNOLOGY

8. McDonald's admits that the '748 Patent is titled "System and Method for Data Management." McDonald's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

## COUNT I
## [ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,454,748

9. Denied.

10. McDonald's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

### ADDITIONAL ALLEGATIONS REGARDING [ALLEGED] DIRECT INFRINGEMENT

24. Denied.

### ADDITIONAL ALLEGATIONS REGARDING [ALLEGED] INDIRECT INFRINGEMENT

25. Denied.

26. Denied.

27. McDonald's admits it received a copy of Fall Line's Complaint referencing the '748 Patent shortly after the filing of Fall Line's Complaint. McDonald's denies the remaining allegations in Paragraph 27 of the Complaint.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## ADDITIONAL ALLEGATIONS REGARDING [ALLEGED] PATENTABILITY

32. Denied.

33. McDonald's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, on that basis, denies all such allegations.

34. McDonald's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, on that basis, denies all such allegations.

35. McDonald's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, on that basis, denies all such allegations.

36. Denied.

37. Denied.

38. Denied.

## **[PLAINTIFF'S] JURY DEMAND**

Fall Line's demand for a jury trial does not require a response from McDonald's.

## **[PLAINTIFF'S] PRAYER FOR RELIEF**

McDonald's denies that Fall Line is entitled to any relief from McDonald's and denies all allegations contained in Paragraphs a–f of Fall Line's Prayer for Relief.

## AFFIRMATIVE DEFENSES

McDonald's affirmative defenses are listed below. McDonald's reserves the right to amend its Answer to add additional affirmative defenses, including allegations of inequitable conduct, consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

39.     McDonald's has not infringed and does not infringe, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Patent-in-Suit.

## SECOND AFFIRMATIVE DEFENSE

40.     Each asserted claim of the Patent-in-Suit is invalid for failure to comply with one or more requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

41.     To the extent Fall Line and/or any predecessors in interest to the Patent-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that McDonald's actions allegedly infringe the Patent-in-Suit, McDonald's is not liable to Fall Line for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patent-in-Suit.

## FOURTH AFFIRMATIVE DEFENSE

42. To the extent Fall Line asserts that McDonald's indirectly infringes, either by contributory infringement or inducement of infringement, McDonald's is not liable to Fall Line for the acts alleged to have been performed before McDonald's knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

43. Fall Line's attempted enforcement of the Patent-in-Suit against McDonald's is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

44. The claims of the Patent-in-Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by McDonald's.

## SEVENTH AFFIRMATIVE DEFENSE

45. Fall Line's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE DEFENSE

46. Fall Line's Complaint fails to state a claim upon which relief can be granted because the Patent-in-Suit does not claim patentable subject matter under 35 U.S.C. § 101.

## NINTH AFFIRMATIVE DEFENSE

47. To the extent Fall Line contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Fall Line has failed to state a claim upon which relief can be granted.

## MCDONALD'S COUNTERCLAIMS

For its counterclaims against Fall Line, McDonald's alleges as follows:

## PARTIES

48. Counterclaim Plaintiff McDonald's Corporation is a Delaware corporation having a principal place of business at 110 North Carpenter Street, Chicago, IL 60607.

49. Counterclaim Plaintiff McDonald's USA, LLC (collectively, with McDonald's Corporation, "McDonald's") is a Delaware corporation having a principal place of business at 110 North Carpenter Street, Chicago, IL 60607.

50. Upon information and belief based solely on Paragraph 1 of the Complaint, Counterclaim Defendant Fall Line Patents, LLC ("Fall Line") is an Oklahoma limited liability company having a principal place of business at 2121 South Yorktown, #1103, Tulsa, Oklahoma, 74114.

## JURISDICTION

51. McDonald's incorporates Paragraphs 1–50 herein by reference.

52. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

53. Fall Line has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

## VENUE

54. Based solely on Fall Line's filing of this action, venue as to these counterclaims is proper, though not necessarily convenient, in this judicial district under at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

55. McDonald's incorporates Paragraphs 48–54 herein by reference.

56. Based on Fall Line's filing of this action and McDonald's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether McDonald's has infringed any claims of the Patent-in-Suit.

57. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, McDonald's requests a declaration by the Court that McDonald's has not infringed and does not infringe any claim of the Patent-in-Suit under any theory, including directly (whether individually or jointly) and indirectly (whether contributorily or by inducement).

## COUNT II
## DECLARATION REGARDING INVALIDITY

58. McDonald's incorporates Paragraphs 48–57 herein by reference.

59. Based on Fall Line's filing of this action and McDonald's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patent-in-Suit.

60. For example, the claims of the Patent-in-Suit are invalid under at least 35 U.S.C. § 102 as having been anticipated by U.S. Patent No. 6,202,023 ("Hancock") to

S. Lee Hancock, Peter H. Dana, and Scott D. Morrison. The Patent-in-Suit claims priority via U.S. Patent App. No. 10/643,516, filed August 19, 2003, to U.S. Patent App. No. 60/404,491, filed on August 19, 2002. McDonald's denies that the Patent-in-Suit is entitled to such a priority date. Even if it were, however, Hancock has a priority date of August 22, 1996 and is therefore prior art under at least § 102(e). Based on Fall Line's apparent construction of the claims of the Patent-in-Suit (to which McDonald's does not hereby consent), Hancock discloses each and every element of the claims. For example, Hancock describes "[a]n application program [that] is installed on the client computer system that prompts the user to input information," including by "prompt[ing] the user to select a category of interest, a preference for specifying location information (i.e. via manual input, or automatically through an attached ALI device), and other user preferences." Hancock at Abstract, 3:15–20. The invention disclosed in Hancock further describes "automatically provid[ing] location information to" the application program. *Id.* at 28:14–16.

61.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, McDonald's requests a declaration by the Court that all claims of the Patent-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, McDonald's asks this Court to enter judgment in McDonald's favor and against Fall Line by granting the following relief:

a.  a declaration that the Patent-in-Suit is invalid;

b.  a declaration that McDonald's does not infringe, under any theory, any valid and enforceable claim of the Patent-in-Suit;

c.  a declaration that Fall Line take nothing by its Complaint;

d.  judgment against Fall Line and in favor of McDonald's;

e.  dismissal of the Complaint with prejudice;

f.  a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to McDonald's of its costs and attorneys' fees incurred in this action; and

g.  any further relief as the Court may deem just and proper.

## JURY DEMAND

McDonald's hereby demands a trial by jury on all issues.

Dated:  October 15, 2018

Respectfully submitted,

By:  */s/ Neil J. McNabnay*
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel:  (214) 747-5070
Fax: (214) 747-2091

*Counsel for Defendants McDonald's Corporation and McDonald's USA, LLC*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 15, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.1(d).

                */s/ Neil J. McNabnay*
                Neil J. McNabnay