**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| FALL LINE PATENTS, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ZOE'S KITCHEN, INC., ET AL., § <br> § <br> Defendants. § | § <br> § <br> § CIVIL ACTION NO. 6:18-CV-00407-RWS <br> § <br> § (LEAD CASE) <br> § <br> § <br> § <br> § |

## ORDER

Before the Court is Defendants' Motion to Stay Litigation Pending *Inter Partes* Review of the Patent-In-Suit. Docket No. 66. Having considered the Motion, the relevant briefing and the Supplemental Notices, the Court finds that the Motion should be and hereby is **GRANTED**.

The district court has the inherent power to control its own docket, including the power to stay proceedings. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). Managing a court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D.

Tex. Mar. 11, 2015) (citing cases). Based on those factors, courts "determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

Defendants explain that Plaintiff Fall Line previously asserted U.S. Patent No. 9,454,748 in several district court cases that are no longer pending. *See, e.g.*, *Fall Line Patents, LLC v. American Airlines Group Inc., et al.*, No. 6:17-cv-202-RWS, Docket No. 127 (E.D. Tex. July 9, 2018). A non-party to both the previous litigations and this litigation filed a petition for *inter partes* review challenging all claims asserted in the previous litigations. *See* Docket No. 92-1. The Patent Trial and Appeal Board ("PTAB") published a Final Written Decision on April 4, 2019 cancelling all challenged claims, which were all the asserted claims in the previous litigations. *See id.* None of the claims asserted in this litigation were challenged in that IPR or cancelled by the PTAB's Final Written Decision. *See* Docket No. 69 at 2–3. However, the PTAB recently instituted Defendants' IPR petition challenging all the asserted claims in this case. *See* Docket Nos. 108, 109.

Having considered the factors outlined above, the Court is persuaded that the benefits of a stay outweigh the costs of postponing resolution of the litigation in this case. Here, there is only one asserted patent, the patent claims have not yet been construed by the Court and discovery is not yet complete. The PTAB has already reviewed the sole asserted patent once and found all challenged claims unpatentable. Moreover, even if the PTAB does not invalidate every challenged claim in Defendants' petition, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent.

Accordingly, Defendants' Motion to Stay (Docket No. 66) is **GRANTED**. It is therefore

**ORDERED** that the above-captioned cases are **STAYED** pending the PTAB's Final Written Decision in IPR2019-00610.  The parties shall file a joint status report informing the Court regarding the results of the pending IPR within ten (10) days of the last decision from the PTAB.

**So ORDERED and SIGNED this 9th day of August, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE